**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**TERRELL M. DAVIS**                                                    **PETITIONER**

**v.**                                    **CIVIL No. 4:12-cv-4103**

**RAY HOBBS, Director**                                          **RESPONDENT**
**Arkansas Department of Corrections**


**REPORT AND RECOMMENDATION**

Now before the Court is Petitioner, **TERRELL M. DAVIS's**, Petition for Writ of *Habeas*

*Corpus*.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is

referred to the undersigned by the Honorable Susan O. Hickey, United States District Judge for the

Western District of Arkansas.   For the following reasons, it is the recommendation of the

undersigned that the Petition (ECF No. 1) be **DISMISSED** without prejudice.

**I.**       **Discussion**

Petitioner filed this matter on August 20, 2012.[1]  ECF No. 1.  The Respondent filed his

Response on October 5, 2012, claiming (1) the Petition was untimely and (2) there were unexhausted

claims in the Petition.  ECF No. 7.  On October 22, 2012, Petitioner filed his Motion to Stay or Hold

in Abeyance or in the Alternative Motion to Dismiss without Prejudice.   ECF No. 8.  Petitioner

requests the Court either stay this § 2254 matter or dismiss it without prejudice to allow him to

present his admittedly unexhausted claims to the state court.  The Respondent has not responded to

the Motion.  The Court finds the Motion well taken and should be granted.

---

[1]Petitioner appears to have signed the Petition on August 20, 2012, and the Court assumes without deciding the Petition was placed in the prison mail system that day.

II.     <u>**Conclusion**</u>

For the foregoing reasons, I recommend the Motion to Dismiss (ECF No. 8) be **GRANTED** and the above-styled case be **DISMISSED** without prejudice to allow Petitioner to exhaust any state court remedy.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED this 7th day of November 2012.**

/s/ Barry A. Bryant
HON. BARRY A.  BRYANT
U. S. MAGISTRATE JUDGE

-2-